**FILED**

JUN 13 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JACQUELYN TAYLOR, | ) | CV 12-24-M-DLC-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES, PRESIDENT BARACK | ) | |
| OBAMA, and SECRETARY SEBELIUS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Taylor filed this action pursuant to 42 U.S.C. § 1983, alleging claims related what she regards as wrongful denial of various federal benefits. United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2) and issued an Order dated March 15, 2012, in which he noted several defects in the Complaint. Judge Lynch explained that the Complaint as currently pled is subject to dismissal,

-1-

and ordered Plaintiff Taylor to file an amended complaint. Taylor requested and received three extensions of the deadline for filing her amended complaint, the last of which set the deadline for April 30, 2012. Taylor has not filed an amended complaint, and has filed nothing in this case since April 20, 2012.

On May 22, 2012, Judge Lynch entered Findings and Recommendations in this matter in which he recommends dismissal of the Complaint for failure to prosecute under Fed. R. Civ. P. 41(b). Plaintiff Taylor did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious resolution of cases, the Court's need to manage its docket, and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. Judge Lynch found the factor of prejudice to the Defendants to be neutral in this instance. On this basis Judge Lynch

recommended that the case be dismissed without prejudice for failure to prosecute. I can find no clear error with Judge Lynch's Findings and Recommendations (Doc. No. 20) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

DATED this 13th day of June, 2012.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court