**FILED**

JUN 1 3 2012

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JACQUELYN TAYLOR, ) | CV 12-24-M-DLC-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES, PRESIDENT BARACK) | |
| OBAMA, and SECRETARY SEBELIUS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Taylor filed this action pursuant to 42 U.S.C. § 1983, alleging

claims related what she regards as wrongful denial of various federal benefits.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary

screening of the Complaint as required by 28 U.S.C. § 1915(e)(2) and issued an

Order dated March 15, 2012, in which he noted several defects in the Complaint.

Judge Lynch explained that the Complaint as currently pled is subject to dismissal,

-1-

and ordered Plaintiff Taylor to file an amended complaint. Taylor requested and

received three extensions of the deadline for filing her amended complaint, the last

of which set the deadline for April 30, 2012. Taylor has not filed an amended

complaint, and has filed nothing in this case since April 20, 2012.

On May 22, 2012, Judge Lynch entered Findings and Recommendations in

this matter in which he recommends dismissal of the Complaint for failure to

prosecute under Fed. R. Civ. P. 41(b). Plaintiff Taylor did not timely object and

so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1).

This Court will review the Findings and Recommendation for clear error.

McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313

(9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm

conviction that a mistake has been committed." United States v. Syrax, 235 F.3d

422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether

to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d

639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious

resolution of cases, the Court's need to manage its docket, and the availability of

less drastic options all favor dismissal, while only the preference for resolution of

cases on the merits does not. Judge Lynch found the factor of prejudice to the

Defendants to be neutral in this instance. On this basis Judge Lynch

recommended that the case be dismissed without prejudice for failure to prosecute.

I can find no clear error with Judge Lynch's Findings and Recommendations (Doc.

No. 20) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is dismissed

without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

DATED this 13th day of June, 2012.

_____
Dana L. Christensen, District Judge
United States District Court